The first case to be argued this morning is docket number 22-2293, Cooksey v. McDonough. Mr. Dohakis. Good morning, Your Honor. Please begin. Thank you. May it please the Court, on behalf of Mr. Cooksey, I thank this Court for the opportunity to present his appeal. Mr. Cooksey asked this Court to reinforce its holding in Scott that directs the Veterans Court to provide judicial review of closely related theories, even when raised for the first time to that Court. In this case in particular, could it be that we really have an application of law to that? I don't believe so, Your Honor. Okay, so explain to me why. I think if we look to this Court's decision in Bozeman, and although we didn't discuss it in great detail in the briefs, the Secretary did raise it, and I do think that the underlying issue in Bozeman and here are the same. What we have is a legal argument issue that was raised to the Board that said, both by the Veteran and the Court's JMR order, and I think that the JMR order is really critical in this case. Basically, it ordered the Board to consider whether the failure of the agency to follow its M21 procedures manual is evidence that rebuts the presumption of regularity. What Scott teaches us, particularly where it talks about this Court's precedent in Roberson, Robinson, and Cromer, and I'm looking on page 1381 of that decision, it says, these cases thus require the Veterans Court to look at all the evidence in the record to determine whether it supports related claims for service-connected disability, here the issue being the evidence to rebut the presumption of regularity, even though the specific claim was not raised by the Veteran. This case fits squarely within Scott and later Bozeman, where the primary issue presented was the M21 requires the VA to do something, and the Board was required by its statutes, by case law, to review the entire record, searching, liberally construing everything in a way that they would be required to address. For our jurisdictional purposes, could you in one sentence define what is the question of law that is permissible for us to review? Yes, Your Honor. And again, I go back to Bozeman because, again, I think that that case is really similar to what we have here. I mean, I guess one way to define the issue is, what is the correct legal interpretation of Scott? Exactly, Your Honor. And Scott says there are certain things that the Veterans Court should not use issue exhaustion for, but there's other things that the Veterans Court may use issue exhaustion for, and now we're trying to figure out which bucket does your legal argument fall within. Is that a fair way to summarize things? Yes, Your Honor, and that's exactly how we briefed it in our briefing, and I would add to that that procedural errors, Scott holds that they absolutely must be subject to the balancing test in all cases, and then on the other side is the closely related theories or issues where the way Scott's, the words and the holding in Scott is that the veteran's interest is always best served in considering issues that are closely related to the one presented. Right, and Scott goes a little farther than that, though. It's closely related issues to whether there is, in fact, a service-connected claim for benefits, and so it appears to me that Scott is trying to draw a line between issues of substance and issues of procedure, and so Scott is trying to say if there is a closely related claim that's not yet articulated, that is closely related to the articulated claim for benefits, then maybe that's not the sort of thing that issue exhaustion should be employed for. But if it's a procedural argument, and maybe that's what we have here, then, of course, the Veterans Court's entitled to consider issue exhaustion. So what is wrong with my understanding of Scott? Well, I think that it certainly covers claims for compensation benefits, and kind of looking at the scope of that claim or certain avenues of substantiating that claim. But here, the issue is more about, yes, it's wrapped up in a procedure of whether or not the VA sent the statement of the case, but I would just add that the holding in Scott says there's a significant difference between considering closely related theories and evidence that could support a veteran's claim and considering procedural issues that are collateral to the merits. And so that narrow reading of Scott, I think, one, ignores end evidence, and number two, it needs to be a bit more flexible in looking at non-service connection claim issues that are presented to the board. Do you agree that your sort of lack of signature argument is really at heart a procedural argument? I do not, Your Honor. The way that I perceive that is evidence in the record that the VA did not follow its procedure, or did not follow the M21, and that evidence rebuts the presumption or is argued that it rebuts the presumption. So the overall issue that was presented to the board was, yes, you're presumed to have followed your procedures, but we have evidence that you didn't, and that rebuts the presumption. And again, it is wrapped up in a procedure, but I think if you segregate out exactly what the issue is that was presented to the board, the issue, the Scott's doctrine says that the board has to look at the entire record for closely related theories and evidence to the one that was presented. And the issue that was presented was that you didn't, we've rebutted the presumption of regularity based on this evidence, and there's closely related evidence. You turn the page of the M21, and there's additional evidence. You go to the end of the statement of the case, there's no signature, and we think that it's the evidence that this qualifies as closely related evidence that the presumption of regularity had not been followed. Is there a reason why you didn't raise the signature issue to the board, and you didn't argue this until you got to the Veterans Court? I don't know why it wasn't. The record doesn't have an answer, and the attorney or the appellant at the Veterans Court didn't provide an answer. But my response to that, Your Honor, is that again the law requires the board to thoroughly review the record, 7104A, to thoroughly review the record, 7104D, to adequately explain all of its findings of material fact and law. Are you implying the board needs to hunt up some issues? I'm trying to understand. No, Your Honor. But again, if it's closely related evidence to the issue that's presented, for instance, when we look at Scott's site, specifically to Cromer and Roberson, where the veteran requested the maximum rating, or at least it was presumed. I don't even think that the record there ever said, I want the maximum rating. But he asked for a higher rating, and the court said that combined with evidence of unemployability required the board to consider a TDIU rating. Likewise, in Robinson, and hopefully I'm not mixing up Roberson and Robinson, the veteran said, I want direct service connection. Which argument do you consider to be closely related to your argument regarding the lack of signature? Your Honor, it's closely related theories or evidence. The additional evidence that the statement of the case was not signed is closely related to the global argument that the VA's failure to follow this M21 rebuts the presumption of regularity. Any evidence that shows they didn't follow the M21 is closely related to the issue that was regularity. If this is not a procedural argument, what would you consider to be a procedural argument? I think looking at Scott, clearly a process that the veteran... I read Scott, Your Honor, particularly because here he objected to the board's failure to reschedule his hearing. I think that those kinds of situations, as addressed, at the earliest possible stage. He knows right away, I requested a hearing rescheduling, the board ignored it, and then he doesn't mention it again after one remand from the court and then going back. I think that a procedural argument is the physical procedure where the veteran is, or the claimant, is interacting with the VA. The veteran here doesn't have any control over... Just one moment. Is he into his rebuttal right now? That is correct, Your Honor. Okay. I'm sorry, you're into your rebuttal. Do you want to save it? Yes, Your Honor. I will save it. Okay. Thank you. All right. Let's hear from the government. Good morning. May it please the court. First, I think the briefs here and the discussion this morning has demonstrated that this is, in fact, about the application that the Veterans Court made of the issue preclusion question. It's the application of law to facts of this case. The case law of this court explicitly requires the Veterans Court to weigh the interests at issue in when issue preclusion could be relevant. That weighing is not subject to this court's review. What if this case is about trying to understand the correct interpretation of Scott versus McDonald? Would that be something that's within our jurisdiction to consider? Potentially, Your Honor. I think, first of all, looking at the Veterans Court's decision, there is no, and the petitioner here has pointed to no, inaccurate explanation of the standards that the court is required to present. In fact, the court... I understand the appellant saying that the court incorrectly understood Scott because in Scott, allegedly, it says any issue that's closely related to issues that were argued at the board level may be raised at the Veterans Court level and must be considered by the Veterans Court. If that's the correct understanding of Scott, then there was a legal error committed by the Veterans Court in applying issues. To that extent, would that not be a question of law for us to decide that we have jurisdiction to think about? Your Honor, I think if the issue is, was this a situation where the Veterans Court was not even able to consider the question of issue preclusion, I think that tips over into potentially a question of pure law. We certainly disagree with the reading of Scott that has been presented by Mr. Cooksey in this case. First, this is, I think, a quintessential procedural question that was set out in Scott as one that is right for the determination of issue preclusion. The issues here are about whether an SOC was actually sent and about whether the veteran timely submitted his appeal. Those are the circumstances in which Scott says the Veterans Court should be considering issue preclusion and weighing those interests. I would point this court in particular to the Dickens case, which applied Scott in a similar instance involving in that case the duty to assist and whether raising an issue that the veteran believed should have been encompassed in the duty to assist several appeals later on should be entitled to issue preclusion. The court upheld the Veterans Court's application of issue preclusion in that case. I briefly want to address Mr. Cooksey's understanding of Scott in the context of evidence being the relevant question. I think that parses out too much exactly what the court said with respect to the types of claims. The line that is specifically relevant is that there is a significant difference between considering closely related theories and evidence that could support a veteran's claim for disability benefits and considering procedural issues that are collateral to the merits. I think the important point is there. What are you reading from? I'm reading from Scott, Your Honor. This is the 1381. The important section of that first clause is that could support a veteran's claim for disability benefits. The court was talking there about theories and evidence in support, in direct support of a claim as opposed to procedural issues that are collateral. Whether it's evidence, whether it's theories, if they are related to procedural issues, Scott says that the Veterans Court should be considering issue preclusion. Finally, I would just point the court to the Veterans Court's discussion in this case in its issue preclusion determination on Appendix 8, which thoroughly discusses all of the opportunities that Mr. Cooksey had to raise this issue and explains why the agency's interests outweigh the veterans' interests in this case. Unless the court has any further issues, or excuse me, any questions. I have one final question. You said that there was an overarching kind of, I don't know if I'll describe it as procedural, but procedural argument made with respect to M21 and that it somehow also encompassed this signature issue they're now raising. Can you just respond to that? Certainly, Your Honor. So first, the M21 manual, the M21 manual, is a very simple manual. I'll start by saying it's not binding on the board. So the premise, I think, that Mr. Cooksey's argument is based on is akin to what this court decided in Scott earlier this year, where the board is required to consider regulations that are applicable or potentially applicable. There is no similar binding requirement on the board to consider the manual, and particularly elements of the manual that have never been explicitly raised. I would also note that the remand order, the request for remand in this case, did not reference the manual at all, unless I'm missing it. I think it identified the question of whether or not the lack of the attorney's address was significant without citing the manual, and that is what the board addressed on remand. Then, finally, as an overarching point, I would say that a citation to the board about a very specific issue, as we had in this case with the citation about whether the attorney's address had to be on there, should not, in essentially every case, therefore require the board to comb through the entirety of the manual to figure out whether there is something else that maybe could apply in this case. That is the quintessential procedural issue that should fall within the bounds of issue conclusion. With that, we would ask that the court consider dismissing the case for lack of jurisdiction or in the alternative, affirm the board's, excuse me, affirm the veteran's court's application of issue conclusion and affirm. Thank you. Thank you. Back to Mr. DeHakis. Let's give him his full three minutes. Thank you, Your Honor. I will answer the question about what is a procedural issue, but I want to start with the M21 and direct the court to NOVA 981 F3, 1360. We cite it in our brief. It says, although the board is not bound by it, quoting here, VBA staff making the initial benefits decision are bound by the policies in the manual. The JMR directly cited to the M21, appendix page 125 through 127. In his brief, the veteran cited the M21 by name, and that's appendix page 130. The general premise, again, is that the M21 is obligatory on the AOJ when they issue the statement of the case. They have to follow those. With respect to what is a procedural issue, I think Scott really, although it's not all encompassing, it talks about issues that are collateral to the merits. Here, we have to remember that this is not a claim for a specific benefit necessarily. This is a challenge or a dispute about whether an appeal was timely filed. The ruling in Scott needs to be more a claim for service connection, but specific issues of, here, timeliness or veteran status, or any number of other specific legal issues that are raised during dependency of a claim, which as this court is well aware, can drag on for years and years and years. Whether an appeal is timely depends upon when the decision was made, when it was issued. If that decision was not issued because the VA did not follow its procedures manual, because the presumption of regularity doesn't apply, then the evidence that the signature is absent when it's required by the M21 is closely related to the issue, which was presented both in the JMR order from the court and to the brief to the board. Going back to Scott again, and I'm quoting here, it's a procedural issue. This is not always the case. A veteran's interest may be best served by prompt resolution, rather than further remands to cure procedural errors that at the end of the day may be irrelevant to the final resolution. This is not irrelevant. Whether the SOC was sent, whether the presumption of regularity applies, is the crux of the entire case. Any evidence that is closely related to rebutting that presumption, the board is required to address it in this decision and the veterans court is required to consider it per Scott and later Bozeman. We ask that the court vacate the court's decision and order them to consider is closely related evidence and theories.